IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE JOYNER, | § | |
| | § | No. 70, 2021 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20A-12-008 |
| NEW CASTLE COUNTY | § | |
| DEPARTMENT OF LAND USE and | § | |
| LISA HARTZEL, | § | |
| | § | |
| Appellees Below, Appellees. | | |

Submitted: July 23, 2021
Decided: August 18, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Bruce Joyner, appeals from the Superior Court's orders dated January 12, 2021, which denied Joyner's application to proceed *in forma pauperis* and dismissed the case as factually and legally frivolous. For the reasons discussed below, we affirm the Superior Court's judgment.

(2) The record reflects that on August 17, 2020, New Castle County Code Enforcement Officer Lisa Hartzel issued a notice to Joyner's father, the owner of 14 Stanley Avenue in Wilmington, Delaware, citing violations of the county Property

Maintenance Code.[1]  The cited violations related to outside storage of debris,[2] prohibited growth of weeds,[3] and improper storage of inoperable or unregistered vehicles.[4]  The notice stated that if the violations were not corrected by August 24, 2020, the owner of the property would be liable for specified civil monetary penalties.  The notice further stated that if the violations were not remedied, a county vendor might abate the violation at the property owner's expense.  The notice directed Joyner's father, as the property owner, to contact the county Department of Land Use (the "Department") by August 24, 2020 if he would "like the opportunity to be heard by an administrative tribunal on the issues of why New Castle County should not immediately abate the violations."

(3)     Joyner's father requested a hearing, and the Department scheduled the hearing for October 7, 2020.  The hearing was conducted virtually because of the ongoing COVID-19 pandemic.  Joyner attended the hearing and stated that he would correct the violations.  The administrative hearing officer issued a decision finding Joyner's father responsible for the violations but extending the deadline to correct the violations to November 3, 2020, after which time the civil monetary penalties would accrue and the county could take remedial action.  The decision also provided

---

[1] The New Castle County Property Maintenance Code is Chapter 7 of the New Castle County Code and is available at https://www.nccde.org/DocumentCenter/View/36033/Property-Maintenace-Code---Aug-22-2019.
[2] NEW CASTLE COUNTY CODE ch. 7, § 302.11.
[3] *Id.* § 302.4.2.
[4] *Id.* § 302.8.3.

information about the process for appealing the decision to the Board of License, Inspection, and Review (the "Board").

(4) Joyner requested an application to proceed *in forma pauperis* in an appeal to the Board. The Board's staff provided the requested application but cautioned Joyner that the application must contain the property owner's financial information; it also extended the time for appealing the administrative decision to November 10, 2020. On November 10, 2020, Joyner submitted the form for appealing the administrative decision to the Board, along with an *in forma pauperis* application containing his own financial information. His appeal form indicated that he sought more time to address the violation relating to the inoperable vehicles, but it did not dispute the existence of the code violations. In a letter dated November 25, 2020, the Department rejected the *in forma pauperis* application because it did not include the property owner's financial information but again extended the deadline to file the appeal to December 11, 2020.

(5) Instead of submitting the requested information, on December 21, 2020, Joyner filed a notice of appeal in the Superior Court. Joyner also filed an application to proceed *in forma pauperis* in the Superior Court. In an order dated January 12, 2021, the Superior Court dismissed the appeal on the grounds that it was legally and factually frivolous and that it was clear that Joyner was not entitled to relief. The court also denied Joyner's application to proceed *in forma pauperis*. It

3

appears that the county caused the vehicles at issue to be towed on February 26, 2021.

(6)    Although difficult to discern, Joyner's argument on appeal seems to be that the county did not have authority to tow the vehicles.  Having carefully reviewed the record in this case, we conclude that Joyner has not established any reversible error.  Title 21, Section 4402 of the Delaware Code and Sections 302.8.3.6-302.8.3.6.2 of the New Castle County Property Maintenance Code set forth procedures for towing certain vehicles from private property.  Joyner's opening brief sets forth no legal authority or cognizable argument to support his assertion that the county lacked authority to tow the vehicles, and we therefore affirm the judgment of the Superior Court.[5]

---

[5] *See In re Estate of Hall*, 2005 WL 2473791 (Del. Aug. 26, 2005) (holding that the Court had no adequate basis to review a "vague and conclusory" claim that "all the facts were not brought out at trial" and stating that "[w]hile this Court allows a pro se litigant leeway in meeting the briefing requirements, the brief at the very least must assert an argument that is capable of review"); *Joyner v. News Journal*, 2003 WL 22992204 (Del. Dec. 18, 2003) ("Although the Court affords some degree of leniency to self-represented litigants as to briefing requirements, an appellant's opening brief, at a minimum, must be adequate so that the Court can conduct a meaningful review of the merits of the appellant's claims.  In this appeal, Joyner presents no claims whatsoever. Accordingly, in the absence of any claims for review, the appeal must be dismissed." (citation omitted)).  *See also Thorpe v. Gaines-Thorpe*, 2014 WL 2647366 (Del. June 11, 2014) (similar). Delaware Supreme Court Rule 14(b)(vi)(A)(3) provides that "any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.


BY THE COURT:

*/s/ Karen L. Valihura__*
Justice